**In re Wayne E. SNIDER, Debtor.**

**Bankruptcy No. 2–86–03044.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Dec. 11, 1986.

Robert M. Hoskinson, Westerville, Ohio, Mitchel D. Cohen, Columbus, Ohio, for debtor.

Todd R. Marti, Murphey, Young & Smith, Columbus, Ohio, for John Deere Co.

Joseph A. Giampapa, Porter, Wright, Morris & Arthur, Columbus, Ohio, for Farm Credit Services, East Cent. Ohio.

Frank M. Pees, Worthington, Ohio, Chapter 13 trustee.

**ORDER FOR RELIEF UNDER CHAPTER 7, DENYING CONVERSION TO CHAPTER 11, DENYING TRUSTEE'S MOTION TO DISMISS CASE, OVERRULING REQUESTS FOR SANCTIONS, AND OTHER MATTERS**

B.J. SELLERS, Bankruptcy Judge.

This matter is before the Court, upon the debtor's motion seeking to convert this

Chapter 13 case to one under Chapter 11 or, in the alternative, consenting to conversion to Chapter 7, and upon the Chapter 13 trustee's motion seeking to dismiss the case. The requested conversion to Chapter 11 was opposed by Farm Credit Services, East Central Ohio ("Farm Credit") and John Deere Company ("John Deere"). Along with its opposition John Deere renewed its request for sanctions pursuant to Bankruptcy Rule 9011 and 28 U.S.C. § 1927. The debtor's motion to convert and the trustee's motion to dismiss were tried to the Court on November 20, 1986.

The debtor filed this Chapter 13 case on August 7, 1986. That filing, following dismissal of the debtor's previous Chapter 13 case on April 3, 1986, consisted only of a petition and list of creditors. Immediately thereafter a flurry of filings by John Deere culminated in this Court's scheduling hearings for October 2, 1986, to consider both the issue of confirmation of any Chapter 13 plan the debtor proposed and John Deere's motions seeking relief from the automatic stay and dismissal of this case.

At the time set for the confirmation hearing the Chapter 13 trustee indicated that the debtor had failed to appear for his meeting of creditors as required by 11 U.S.C. § 343 and had failed to file either a proposed plan or the required statement of affairs. On that basis the Court denied confirmation for want of prosecution. The Court also proceeded to grant John Deere's unopposed motion seeking relief from the automatic stay.

In connection with John Deere's motion to dismiss this case, the debtor represented to the Court, through his attorney and by his own concurrence on the record, that he would be filing his own motion for voluntary dismissal. Based upon that representation John Deere elected to proceed at that time only on the issue of its request for sanctions pursuant to Bankruptcy Rule 9011. That request is also considered in this ruling in conjunction with its renewal and extension in John Deere's later pleadings.

Subsequent to that October 2nd hearing the debtor obtained new counsel and sought to convert his case to one under Chapter 11 rather than to voluntarily seek dismissal as previously represented. That request, which was followed soon thereafter by the filing of the required bankruptcy schedules, generated opposition from Farm Credit and from John Deere. In its opposition John Deere renewed its request for sanctions pursuant to Bankruptcy Rule 9011 and added a request for sanctions pursuant to 28 U.S.C. § 1927. During this same period, the Chapter 13 trustee requested a dismissal of the case for the debtor's failure to prosecute his Chapter 13 action. Immediately prior to the November 20th hearing the debtor filed a motion and consent to convert his case to one under Chapter 7 in the event the Court denied his requested conversion to Chapter 11. That alternative relief was not opposed by Farm Credit or John Deere.

■ For reasons stated on the record at the November 20, 1986 hearing and adopted herein as if restated, the Court finds that the debtor should be granted the right to convert his case to one under another chapter. That right is strongly supported in the legislative history of Chapter 13 and, in certain circumstances, is not subject to waiver. See 11 U.S.C. § 1307(a). However, based upon this debtor's previous representations on the record on October 2, 1986 that a voluntary dismissal would be forthcoming, his consent to a Chapter 7 conversion, and his testimony at the hearing on his motion to convert which established that any proposed plan of reorganization would be a liquidating one which might not produce any significant distribution to unsecured creditors, that conversion will be permitted only to Chapter 7. While this Court agrees that liquidation by the debtor might be somewhat less costly than liquidation by a trustee in bankruptcy, the benefits in this case, where all assets except possibly the current crops appear to be substantially over-liened, are not sufficient to offset other factors pointing to Chapter 7 liquidation as a more expeditious and fairer result.

■ With regard to John Deere's requests for sanctions pursuant to either

Bankruptcy Rule 9011, which parallels Rule 11 of the Federal Rules of Civil Procedure, or pursuant to 28 U.S.C. § 1927, the Court declines to grant the relief sought. The Court is convinced that both of the debtor's attorneys acted in good faith and filed documents which they believed represented viable legal options for this debtor. The fact that later assessments of changes in the debtor's debt structure resulting from substantial payments made to creditors in his first Chapter 13 case caused one attorney to conclude that Chapter 13 relief was not possible under the existing circumstances and caused the second attorney to conclude that Chapter 11 might be a more appropriate remedy, does not demonstrate either bad faith or frivolous action and does not call for sanctions against those attorneys. Additionally, this Court finds no indication of unreasonable or vexatious multiplication of these proceedings by either attorney for the debtor.

■ Likewise, the Court further finds that the debtor's behavior in this case does not rise to the level required for the imposition of sanctions. The Court believes this debtor intended to pay his creditors through a process available under bankruptcy law. Indeed, his prior Chapter 13 case resulted in payments of approximately $100,000.00 to creditors. Furthermore, whatever behavior this debtor exhibited in connection with the state court suit initiated by John Deere is not within the purview of this Court at this time and is, therefore, not relevant to the requested relief except as such behavior may relate to the purpose for which the debtor's second Chapter 13 case was filed. As evidenced by the testimony, the Court finds that restructuring of debt and payment of creditors was the purpose for this filing. That the filing also halted execution by John Deere and that such was obviously a strong factor in the decision to file the Chapter 13 case does not change that result.

Based upon the foregoing, the Court ORDERS that this case be converted to one under Chapter 7 of the Bankruptcy Code. Within fifteen (15) days of the entry of this order, the debtor is further ORDERED to file all schedules and statements required for a Chapter 7 filing which have not previously been filed in this case; and it is further

ORDERED, that John Deere's requests for sanctions are OVERRULED; and it is further

ORDERED, that the Chapter 13 trustee's motion to dismiss this case for want of prosecution, John Deere's motion seeking dismissal of this case, and the debtor's application to employ an attorney under general retainer are rendered moot by this order.